**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4341

DEDRIC T. WALKER, a/k/a Scarface,
a/k/a Tabina, a/k/a Derrick,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-36)

Submitted: February 10, 2000

Decided: March 28, 2000

Before WIDENER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Russell N. Allen, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Shannon L. Taylor, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Dedric Walker appeals his convictions and 271-month sentence for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) (count 2), possession of crack cocaine in violation of 21 U.S.C.A. § 844 (West 1999) (count 3), using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999) (counts 4-6), and being a felon in possession of firearms and ammunition in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999) (counts 7-11). The court sentenced Walker to 151 months on count 2 (possession of crack cocaine with intent to distribute), a concurrent 151-month term on count 3 (possession of crack), a sixty-month consecutive term on count 4 (using or carrying a firearm), sixty-month concurrent terms on counts 5 and 6 (using or carrying a firearm), a sixty-month consecutive term on count 7 (being a felon in possession of a firearm), and concurrent sixty-month terms on counts 8-11 (being a felon in possession of a firearm and ammunition), for a total of 271 months, to be followed by five years of supervised release. The district court also imposed a $100 special assessment on each count, for a total of $1000. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Walker challenges his convictions on the ground that the evidence was insufficient. In reviewing the sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); Glasser v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

2

After a thorough review of the record, we find that the evidence was sufficient. See United States v. Hobbs, 136 F.3d 384, 390 (4th Cir.) (providing elements government must establish for violation of § 922(g)), cert. denied, 524 U.S. 945 (1998); Burgos, 94 F.3d at 873 (discussing elements of possession with intent to distribute); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (providing elements for § 924(c) violation); United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985) (discussing proof required to establish possession of controlled substance). To the extent that Walker challenges the testimony of certain witnesses as being biased or contradictory, we do not review the credibility of the witnesses and "`assume that the jury resolved all contradictions [in the testimony] . . . in favor of the [g]overnment.'" United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (quoting United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993)), cert. denied, 525 U.S. 1141 (1999).

Next, Walker contends that the district court should have merged the lesser included offense of simple possession into the conviction for possession with intent to distribute because each offense was based on the same 106 grams of crack; otherwise, the district court punished him twice in violation of the Double Jeopardy Clause. The government agrees that counts 2 and 3 should have been merged under United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). We therefore vacate Walker's conviction and sentence under count 3 for possession of crack.

Finally, Walker contends that the district court erred in convicting him of multiple counts of being a felon in possession of firearms and ammunition and using or carrying firearms where officers found the guns in one place.

With regard to Walker's convictions for being a felon in possession of firearms and ammunition in violation of § 922(g), the government agrees that under United States v. Dunford, 148 F.3d 385 (4th Cir. 1998), Walker should be convicted of only one violation of § 922(g). We therefore affirm one conviction and sentence, vacate the remaining § 922(g) convictions and sentences, and remand for resentencing. See id. Because the evidence was sufficient to support each count, the district court on remand may determine which one count to affirm.

3

Walker also asserts that this Court's reasoning in <u>Dunford</u> should be extended to multiple convictions under § 924(c) when the weapons were carried at the same time. Because Walker did not object below, he has forfeited review of this claim, absent plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Wells</u>, 163 F.3d 889, 900 (4th Cir. 1998), <u>cert. denied</u>, ___ U.S. ___, 68 U.S.L.W. 3225 (U.S. Oct. 4, 1999) (No. 98-9598). To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) if the first three conditions are met, the reviewing court must determine that the forfeited error "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)). We find no plain error in Walker's multiple convictions under § 924(c), given that he did not receive multiple, consecutive sentences. <u>See United States v. Camps</u>, 32 F.3d 102, 107, 109 n.9 (4th Cir. 1994).

In conclusion, we affirm Walker's convictions and sentences for possession with intent to distribute crack (count 2), using or carrying firearms (counts 4, 5, and 6), and one count of being a felon in possession of a firearm (either count 7, 8, 9, 10, or 11). We vacate Walker's convictions and sentences for possession of crack (count 3) and for the remaining four § 922(g) violations. Finally, because Walker was sentenced on the basis of ten counts and directed to pay a $100 special assessment for each count, we vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

4